IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jodi Mair, <br> individually <br> and on behalf of all persons <br> similarly situated <br> as class representative under <br> Illinois Law and/or as <br> members of the Collective as permitted <br> under the Fair Labor Standards Act; <br><br>       Plaintiff, <br>    vs. <br> EarthMed., LLC., <br><br><br>      Defendant. | ) <br> ) <br> ) <br> ) CASE NO 19 CV 8107 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     ) <br> )   **JURY TRIAL DEMANDED** <br> )     **ON ALL COUNTS** <br> ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff, Jodi Mair, individually and on behalf of all others

similarly situated, as a class representative, by and through her undersigned counsel of

record, upon personal knowledge as to those allegations in which she so possesses and

upon information and belief as to all other matters, pursuant to §216(b) of the Fair

Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820

ILCS 105/1 *et seq* (hereinafter "IMWL" ) and the Illinois Wage Payment and

Collection Act 820 ILCS 115/1 *et seq.* (IWPCA) and brings this cause of action

against Defendant Earth Med., LLC., and in so doing states the following:

## NATURE OF THE ACTION

1.  Plaintiff, Jodi Mair alleges individually and on behalf of herself and other

    similarly situated current, former and future employees of the

1

Defendant, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiff and those employees that are similarly situated to the Individual Plaintiff) that she, under both federal and state wage laws, is entitled to be paid time and half for all hours worked over forty (40) hours per week.

2.  Plaintiff also brings a claim for wage retaliation, Plaintiff asked for her owed overtime wages, and was fired for those requests the very next day. This is a violation of the FLSA and IMWL anti-retaliation provisions.

3.  This action is brought as a class action pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) ("IWPCA").

4.  This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay and/or minimum wage pay due to the above described policy and procedures of the Defendants for three years prior to this filed complaint and/or Plaintiff ask the court to toll the claims, as Defendants failed to post proper postings of wage information and/or mislead employees regarding their wage rights.

5.  Plaintiff's federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA; state law and common law claims are brought as a conventional class action.

2

6.     Plaintiff, in her class claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendant obtained from their unlawful business practices and attorneys' fees and costs.

**JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

8.     This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

9.     The Court is authorized to issue a declaratory judgment.

10.    Venue is proper in this Court.

11.    Defendant does business and is a resident of this District and Division of Federal Court.

**FACTS REGARDING THE PLAINTIFF**

12.    Plaintiff, Jodi Mair, is a resident of the State of Illinois and a former employee of the Defendant corporation.

3

## DEFENDANT CORPORATE FACTS

13.     Defendant is a corporation or business which does business in Illinois.

14.     Earth Med is located at 852 S. Westgate St. Addison, IL 60101.

15.     Earth Med is licensed by the State of Illinois as a medical cannabis

dispensary, which is regulated by The Illinois Department of Financial and

Professional Regulation, Division of Professional Regulation under the

Illinois Compassionate Use of Medical Cannabis Pilot Program Act, 410

ILCS 130/1 *et seq.,*


16.     Earth Med retail location and where Plaintiff worked is located at 852

South Westgate, Addison ILL 60101.

17.     Defendant employs a staff of approximately eighteen (18) current

employees of which 80% (15-17 employees) work overtime hours of

work most weeks and a small number of part time employees.

18.     Defendant has operated at the current location for approximately four

years, employing hundreds of employees over that period of time, due

to normal "turnover" of employees.

19.     Plaintiff estimates that more than 150 employees work for Defendants

during the relevant period of time of three or four years.


## JURISDICTION


### JURISDICTION BASED ON GROSS SALES

### DEFENDANT GROSS SALES EXCEED $500,000

20.    Defendant corporation operates a medical cannabis dispensary facility located in Addison, Illinois.

21.    Defendant operations exceed sales of $500,000.00.

22.    Defendants sales exceed $500,000 is demonstrated by the following:

a.  Defendant operates a retail location employing a large number of employees, with a total work force believed to over 18-20 employees at any one time.

b.  Plaintiff is aware that Defendant's monthly sales are approximately $200,000 per month, thus the Defendant's gross sales are well over a million dollars each year.

c.  Defendant also engages in commerce, by sales of related products such as smoking materials, such as pipes, papers and other items that traveled in commerce from one state to another.

d.  Defendant also engages in commerce by sales of "edibles" which are food items containing marijuana or its by-products; while the marijuana is grown in Illinois the food products contain items, such as coco, nuts, flour, and other food products from outside the state of Illinois.

e.  Defendant also engages  in commerce in that the reporting software used by Plaintiff is not a product of the state of Illinois.

**ADDITIONAL JURISDICTION IS ESTABLISHED VIA**

**ENGAGEMENT IN COMMERCE BY DEFENDANT**

5

**DEFENDANT IS AN ENTERPRISE THAT REGULARLY AND RECURRENTLY HAVE AT LEAST TWO EMPLOYEES ENGAGED IN COMMERCE**

**AND/OR INDIVIDUAL FLSA JURISDICTION**

23.     Defendant is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

24.     Defendant is an enterprise that regularly and recurrently have at least two employees engaged in commerce, this engagement in commerce includes but is not limited to the sale of retail items to customers of the retail store and/or the general public.

25.     The Defendants offer retail items which were initially purchased by Defendant, transported to the Defendant retail locations, stored on the Defendant premises, placed on retail shelfs within the Defendant locations, offered as items for resale to the ultimate customers, and finally sold by Defendant to customers in the Defendant's retail location, including sales of those retail items by Plaintiff.

26.     Sales of the retail items is not inconsequential rather are thousands of dollars a month.

27.     "*all* of the employer's employees are covered under [FLSA] as long as at least *some* handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce." **Jones v. E. Brooklyn Security Services Corp.,** No. 11-CV-1021, 2012 WL 3235784, at *4 (E.D.N.Y. Aug. 7, 2012) (quoting 29 U.S.C. § 203(s)(1)(A)).

6

28.   Courts have found this element satisfied where employees "merely handled supplies or equipment that originated out-of-state." **Rodriguez v. Almighty Cleaning, Inc**., 784 F.Supp.2d 114, 354*354 120 (E.D.N.Y.2011). Enterprise coverage "applies so long as some of the employees wear uniforms or use items such as radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce." **Archie v. Grand Cent. P'ship,** 997 F.Supp. 504, 531-32 (S.D.N.Y.1998) (listing cases)).

29.   Here Plaintiff used computers, bags, pipes, papers and cleaning supplies that moved in interstate commerce.

30.   Here Plaintiff directly sold items that traveled in commerce including edibles and paraphernalia.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

### A.      Class Allegations under IMWL

31. Plaintiff brings state wage law claims, pursuant to the Illinois Minimum Wage Law (IMWL) 820 ILCS 105, as individual and class action.  The IMWL Class is defined as all current, former and future employees of Corporate Defendant not paid overtime wages at an overtime rate of pay thereby denying the IMWL class owed overtime wages and/or payment of the proper overtime rate.

32. Plaintiff's IMWL Class includes claims for all owed wages due for three (3) years prior to the filling of this complaint and until a judgment is

entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiff and the IMWL Class).

33. Excluded from the Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Defendant; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class and/or all properly salaried employees of Defendant.

34. **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant. Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period the Defendant employed from 50-100 employees. The numerosity is also demonstrated by the DEFENDANT having a work force of 18-20 employees at any one time and due to the high "turnover" of these positions the number of potential class members is increased substantially. It is estimated that there are at least 200 persons in the IMWL Class.

35. **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only

individual members. The questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

    a. whether the Defendant employed Plaintiff and the Class within the meaning of the IMWL.

    b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records

    c. whether the Plaintiff and the Class were paid overtime wages pursuant to the overtime provisions of the IMWL

    d. whether Defendant's engaged in a continuing policy, pattern or practice of failing to pay all overtime wages at the proper rate of pay which includes all compensation;

36. **Typicality**: The claims of Representative Plaintiff are typical of the IMWL Class.

37. **Adequacy:** Representative Plaintiff will fairly and adequately represent the interests of the IMWL Class.

38. **Superiority:** A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Plaintiff lack the financial resources to vigorously prosecute separate lawsuits in Court against corporate Defendant like Defendant.

39. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive

relief or corresponding declaratory relief with respect to the class as a whole.

40. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendant.

41. The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

42. IMWL violation claims are brought and maintained as a class for all IMWL claims asserted by the Plaintiff.

43. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in against the corporate Defendant.

45. The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive

relief or corresponding declaratory relief with respect to the class as a whole.

**B. The FLSA Collective Action**

46.  Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of DEFENDANT who were, are, or will be employed by DEFENDANT during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week and/or payment of the proper overtime rate.

47.  FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all hourly employees employed by Defendants.

48.  Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of DEFENDANT who have been denied proper payment of the overtime wages. These current, former and future

11

employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## STATEMENT OF FACTS

**A.**     **DEFENDANT policies and procedures and Compensation Practices fail to pay overtime wages for overtime work hours and/or pay proper overtime rate of pay to the Plaintiff, Class and Collective**

49.    Plaintiff was employed by DEFENDANT as an hourly employee.

50.     Plaintiff worked hours of work beyond forty, but for which Defendant failed to pay overtime at the proper and correct rate of pay.

51.    Plaintiff worked as an hourly non-exempt employee.

52.    Plaintiff was paid $15.00 per hour of those hours paid as a base rate of pay.

53.    Plaintiff was not paid any overtime wages at any time as Defendant claimed to be exempt from paying overtime wages.

54.    Plaintiff also brings a claim for theft of her tips.

55.    Defendant takes from the Plaintiff (and class) tips paid by the customers, intended to be retained by staff, for their own profits.

### WEEK BY WEEK ALLEGATIONS

56.    As some District Court Judges require allegations that demonstrate a FLSA overtime and/or minimum wage claim, on a weekly basis, Plaintiff provides the following allegations.

57.    Plaintiff worked 99.75 hours in the weeks of 9/16/19 to 9/30/19 and

was not paid overtime rate of pay for her overtime hours for this week.

58. This practice of separate payrolls results in failures to pay overtime at all, and failure to pay at the proper rate of pay.

59. The failure to pay proper rate applies to all employees of Defendant, in a similar manner as it deprived Plaintiff of overtime wages.

60. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendant's employees.

61. Defendant's consented, were knowledgeable of that they were paying the overtime rate of pay incorrectly.

62. Plaintiff is paid on an hourly pay rate and is classified as "non-exempt" employee by Defendant.

63. Plaintiff and the class employees were not paid the proper rate of overtime wages.

64. This is a FLSA violation because the Plaintiff works beyond forty (40) hours, thus Plaintiff is owed time-and-half of her regular pay for ALL hours beyond 40.

65. Further this also a violation of the Plaintiff's rights under Illinois Minimum Wage law and Illinois over-time wage law and IWPCA.

66. The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

**DEFENDANTS's Actions were Willful, Knowledgeable and/or Had Reckless Disregard**

13

**for FSLA Regulations**

67.     DEFENDANT required and permitted Plaintiff, the Class, and the FLSA Collective, to work more than 40 hours in a week. DEFENDANT did not pay Plaintiff, the Class, and the FLSA Collective the proper overtime rate for all overtime hours.

68.     DEFENDANT unlawful conduct has been uniform, widespread, repeated and consistent.

69.     Defendant's willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay.

70.     All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

71.     All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

**FIRST CLAIM FOR RELIEF**
**Individual and Class Action Against Defendants**
**Under the Illinois Minimum Wage Law "IMWL"**

72.     Plaintiff  realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

73.     Plaintiff was an employee of the Defendant pursuant to the IMWL.

74.     Plaintiff was employed by DEFENDANT as an employee.

75. It is and was at all relevant times, a policy of DEFENDANT to pay its employees at an overtime rate of pay for overtime hours worked by Plaintiff and class.

76. It is a policy, procedure and job requirement of Defendant employees to pay its employees at an overtime rate of pay via its no overtime pay policy.

77. The Defendant unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

78. As a result of the foregoing, Plaintiff and members of the Class have been damaged in an amount to be determined at trial.

79. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM FOR RELIEF

**On Behalf of Plaintiff and All Opt-In Employees
Against Defendant
As a Collective Action
(FLSA Claims, 29 U.S.C. § 201 et seq.)**

80. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

81. The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

82. The Collective claims include all employees which Defendant has failed to pay at an overtime rate of pay and or minimum wages.

83. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including the Plaintiff, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

84. At all relevant times, Defendant has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiff and members of the prospective FLSA Class, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

85. At all relevant times, the work performed by hourly wage employees including the Plaintiff and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendant, for the benefit of Defendant, directly related to such employees' principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

86.     As a result of the Defendant willful failure to record or compensate its employees – including Plaintiff and members of the prospective FLSA Class – employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

87.     As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

88.     The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

89.     Plaintiff, on behalf of herself and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

90.     Plaintiff, on behalf of herself and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

91.     Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

92.    At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

93.    At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

94.    Due to Defendant's FLSA violations, Plaintiff and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

95.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the IWML Class and the FLSA Collective, pray for the following relief:

A.      That, at the earliest possible time, the Plaintiff be allowed to give notice of this class action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years and/or five years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, as

alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

B.      That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, to employees whom have been employed by the Defendant and as alleged herein this complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed.

C.      Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

D.      Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws;

E.      Compensation originating from DEFENDANT company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

F.      An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

G.      Certification of this case as a Class action and/or Collective action;

19

H.      Designation of the Plaintiff as representative of the Class and/or Collective, and counsel of record as Class Counsel;

I.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

J.      Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

K.      Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1; the Illinois Attorneys Fees in Wage Actions Act

L.      Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

M.      Consequential damages;

N.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

O.      and costs of this action; and

P.      Such other relief as this Court shall deem just and proper

**THIRD CLAIM/COUNT**

**INDIVIDUAL RETALIATION CLAIM FOR PLAINTIFF'S REQUESTS FOR PAYMENT OF OVERTIME WAGE CLAIMS PURSUANT TO THE FLSA**

96.     Plaintiff realleges and incorporates by reference all paragraphs contained in this complaint, as if fully set forth herein.

97.     It is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3).

98.     Plaintiff's retaliatory claims are supported because:

(1) Plaintiff was engaged in a protected activity, here, complaining that she was owed overtime wages and thus complained regarding owed overtime wages, which qualifies as protected activity pursuant to the FLSA;

 (2) Defendants were aware of Plaintiff's participation in the protected activity, as Plaintiff complained directly to the Defendant;

(3) the Defendant took "adverse employment action," as Plaintiff's employment was terminated;

(4) and Plaintiff was terminated the day after she complained against the failure to pay overtime;

(5) a causal connection existed between the protected activity and the adverse action, here shown by the evidence described above.

(6) Plaintiff has been harmed by this employment termination via lost wages, pain and suffering, embarrassment and discomfort.

**COUNT IV**
**RETALIATION FOR WAGE COMPLAINTS UNDER ILLINOIS LAW**

99.     Plaintiff repeats and re-alleges all paragraphs of this complaint.

100. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

101. Defendant failed to pay Plaintiff for overtime hours worked.

102. The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendant's actions were willful and not in good faith.

103. Defendant is liable to Plaintiff for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*

**104.** Plaintiff was terminated from her employment with Defendant for protesting Defendant's failures to pay overtime.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff respectfully prays that each Defendant be summoned to appear and answer herein; for orders as follows:

(A) For an order of this Honorable Court entering judgment in Plaintiff' favor against Defendant;

(B) That the Court award Plaintiff's her actual economic damages in an amount to be determined at trial,

(C) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et sea., and attendant regulations at 29 C.F.R. §516 et sea..;

(E)     A declaratory judgment that Defendant's
        practices alleged herein violate the Illinois Minimum Act,

(F)     Judgment for damages for all unpaid regular
        wages and overtime compensation under the
        Fair Labor Standards Act, 29 U.S.C. §201, *et
        seq.,* and attendant regulations at 29 C.F.R.
        §516 et sea.:

(G)     Judgment for damages for all unpaid regular
        wages and overtime compensation under the
        Illinois Minimum Wage Law, and attendant regulations;

(H) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201,
        *et seq* in an amount equal to all unpaid regular wages and overtime compensation owed to
        Plaintiffs during the applicable statutory period;

(I) Judgment for liquidated damages pursuant to the Illinois Minimum Wage Law,. and attendant
        regulations;

(J) Judgment for any and all civil penalties to which Plaintiff  may be entitled;

(K) An order directing Defendant to pay prejudgment interest, reasonable attorney's fees and all
        costs connected with this action; and

(L) pay Plaintiff for her distress, embarrassment and suffering

(M) Order payment of punitive damages sufficient to deter Defendant's future retaliations.

(N) Such other and further relief as this Court may deem necessary, just and proper.


COUNT V

EQUITABLE TOLLING

105.    Plaintiff realleghs and incorporate by reference all the preceding paragraphs, as if

        fully set forth herein.


106.    The applicable statute of limitations for Plaintiff's FLSA and IMWL causes of action

        should be tolled because strict application of the statute of limitations would be

        inequitable.

107.    FLSA and IMWL regulations require that all employers display posters advising

employees of their minimum wage and overtime pay rights. <u>See. e.g.</u>. 29 C.F.R. § 516.4.

108. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. <u>United States v. Sabhnani</u>. 566 F. Supp. 2d 139 (E.D.N.Y. 2008); <u>Henchv v. Citv of Absecon</u>. 148 F. Supp. 2d 435, 439 (D.N.J. 2001); <u>Kamens v. Summit Stainless. Inc.</u>. 586 F. Supp. 324, 328 (E.D. Penn. 1984).

109. Defendants failed to post any notice regarding the FLSA or IMWL at any time during the Plaintiff's employment**.**

105. Further, Defendants specifically instructed Plaintiff in error as to her wages, claiming falsely that no overtime wages were due.

106. Thus Plaintiff pleads that her claims should be tolled for the Class and Collective.

<u>**COUNT VI**</u>

**Individual claim Against Defendant
Under Illinois Wage Payment and Collection Act "IWPCA"**

107. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

108. Pursuant to the IWPCA, Plaintiff pleads that Plaintiff was to be re-paid for all business expenses.

109. Plaintiff incurred an business expense when she was subject to a back-ground check and fingerprint check.

110. Plaintiff requested repayment of said expense numerous times, offering proof of the expense, yet Defendant never paid her for this expense.

24

111.    Defendant's policy and procedures stated that such business expenses would be repaid, thus Plaintiff and Defendant had an "Agreement" to repay said expenses.

112.    Defendant breached that Agreement by not repaying the small fee, despite the sales by Defendant of over a million dollars and untold amounts in profits every day.

113.    Further it is required by the IWPCA that Defendant repay Plaintiff's business expenses, thus the failure to make that repayment is in violation of the IWPCA.

WHEREFORE, Plaintiff prays for an order:

A.    Declaring that Defendants violated provisions of the IWPCA;

B.    Awarding repayment of the Plaintiff's business expense;

C.    Awarding 2% monthly interest of the damages amount for each month that Defendant has failed to pay;

D.    All costs and attorney's fees incurred in this claim;

E.    Awarding prejudgment interest; and

F.    For such further relief as the Court deems just and equitable.

**.DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: December 11, 2019                    Respectfully submitted,


By:    _____-S-John C. Ireland_____
       John C. Ireland
       Attorney for the Plaintiff, Collective and Class

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL  60177
 630-464-9675        Facsimile 630-206-0889              attorneyireland@gmail.com