**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JODI MAIR, JACOB SCHMANKE, and FRANCO DEMONTE, individually and on behalf of all persons similarly situated and as class representatives under Illinois Law and/or as members of the collective as permitted under the Fair Labor Standards Act, | ) ) ) ) ) ) ) ) | Case No. 19-cv-8107 |
| Plaintiffs, | ) ) | District Judge Joan H. Lefkow |
| v. | ) ) ) | Magistrate Judge Heather K. McShain |
| EARTHMED, LLC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
OF STATE WAGE AND HOUR CLAIMS**

NOW COME the Plaintiffs, individually and on behalf of all others similarly situated, as Class representatives, by and through their undersigned counsel of record and move this Honorable Court to allow, pursuant to Federal Rule of Civil Procedure 23, initial certification of their class claims under Illinois Minimum Wage Law (IMWL), 820ILCS 105/1, *et seq.,* for Defendants' failure to pay overtime wages under the IMWL, and in support thereof state as follows:

1. Plaintiffs Jodi Mair, Jacob Schmanke and Franco Demonte, for themselves and for the class of similarly-situated persons, bring claims against Defendant EarthMed., LLC, (hereinafter referred to as "EarthMed" or Defendant), under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.,* for Defendant's failure to pay overtime wages. For all of the reasons stated herein and more fully described in the Memorandum filed

1

herewith, Plaintiffs believe class certification of their state wage claims is appropriate.

2. The Plaintiffs request certification of the following class claims:

   a) Failure to pay overtime from 2016 to 2019[1]

   b) Failure to pay overtime, based upon the payment of wages on a bi-monthly manner, rather than by the required seven-day pay week method.

3. For these two claims Plaintiffs propose the following subclasses:

   **IMWL subclass one: "No overtime Paid Class"**

   Defined as all current, former and future employees of EarthMed not paid overtime for three years prior to the filing of the complaint (12/12/2016) to December 31, 2019.

   **IMWL subclass two: "Lump Sum Class"**

   Defined as all current, former and future employees of EarthMed paid on a pay cycle of 14, 15, or 16 days resulting in failure to pay overtime for three years prior to the filing of the complaint to the present.

4. The Illinois Minimum Wage Law (IMWL) requires employers to pay employees overtime wages. 820 ILCS 105. Defendant has freely admitted that Defendant simply did not pay overtime wages from founding in 2016 until January 1, 2020. (Exhibits, 1, 6, 10, 11-22 to Memorandum in Support of Motion.)[2] Thus, there is no dispute that Earthmed simply paid no overtime to Defendant's hourly employees.

5. IDOL regulation 210.400 reads:

   Section 210.400  Determining Workweek for Overtime

---

[1] Plaintiff has plead a Tolling Claim, thus the Plaintiff believes that the true class period should be from Defendant's first day of operation, until the December 31, 2019; However that is disputed, thus not subject to this Motion.

[2] Exhibits are not attached in duplicate here and are cited for reference only.

a) An employee's workweek is a fixed and regularly recurring period of 168 hours - seven consecutive 24-hour periods. It need not coincide with the calendar week, but it may begin on any calendar day and at any hour of the day.

6. Under the IMWL as stated above employers are required to pay on a seven-day pay cycle. (Id).

7. Like the requirement to pay overtime, Earthmed's payment policy of paying 14-16 days in a pay period is in violation of the IMWL. Defendant has admitted this violation. (Memo Exhibit 6).

8. Defendant's produced payroll and time keeping records also demonstrate that Defendant pays its employees in violation of the IMWL requirements to pay in 7 day periods. (Memo Exhibits 3-5, 7-8).

9. Defendant has maintained this policy of paying in 14-16 day periods from its founding (2016) to today in 2021. (Memo Exhibits 3-5, 7-8. 14-22).

10. Defendant pays its employees on the 15th of the month; thus the first pay period is for 15 days. Defendant makes a second payment on the last day of the month, i.e. the 28th, 29th, 30th or 31st; thus the second pay period is 14, 15, 16 or 17 days long. (See Memo Exhibit 6).

11. As set forth in detail in the attached Memorandum, Plaintiffs have met all of the necessary requirements for class certification:

    a. **Numerosity**: Class 1 = 46 members. Class 2 = 67 members.

    b. **Commonality**: Both Classes are result of common policies applied to all employees (No overtime and "lump-sum" payment policies).

    c. **Typicality**: Both Classes are result of universal policies applied to all employees. (No overtime and "lump-sum" payment policies applied to all).

    d. **Representation**: Plaintiffs and Counsel are more than adequate to represent the classes – and no conflict exists.

    e. **Predominance**: Both Classes have the same legal grievances and/or are mirror images of each other. (No overtime and "lump-sum" payment policies).

    f. **Superiority**: It is superior to litigate the claims one time, rather than 67 times.

12. Plaintiffs' claims are based on undisputed facts, admissions of Defendant and universal application of policies that violate the IMWL.

13. By proceeding on a class basis, the parties will be allowed to resolve the claims of the 46-100 Class Members in one coordinated proceeding, thus conferring significant benefits upon each Class Member. Defendant will also benefit by being spared the expense and complexity of scores of individual lawsuits.

WHEREFORE, for the foregoing reasons and supporting materials, Plaintiffs request that the Court grant this motion and enter an Order:

A.    Certifying Plaintiffs' IMWL as a class action, authorizing notice to the putative class, appointing Jodi Mair, Franco Demonte and Jacob Schmanke as class representatives, and appointing Plaintiffs' attorneys as class counsel;

B.    Setting a schedule for Plaintiffs to file supplemental evidentiary materials, if necessary; and

C.    granting such other relief as the Court deems appropriate under the circumstances.

4

Respectfully submitted this 28th day of August, 2021,


/s/      John C. Ireland
One of the Attorneys for Plaintiffs


John C. Ireland                          Lisa L. Clay
The Law Office of John C. Ireland        Attorney at Law
636 Spruce Street                        2100 Manchester Road, Suite 1612
South Elgin, IL 60177                    Wheaton, IL 60187
(630) 464-9675                           (630) 456-4818
attorneyireland@gmail.com                lisa@clayatlaw.com
ARDC # 6283137                           ARDC # 6277257