**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JODI MAIR, JACOB SCHMANKE,  )
and FRANCO DEMONTE,  )
individually and on behalf of all persons  )
similarly situated and as class  )
representatives under Illinois Law and/or  )
as members of the collective as permitted  )   Case No. 19-cv-8107
under the Fair Labor Standards Act,  )
   )
           Plaintiffs,  )   District Judge Joan H. Lefkow
   )
      v.  )
   )   Magistrate Judge Heather K. McShain
EARTHMED, LLC.,  )
   )
           Defendant.  )

# Excerpts of Defendant's Answers to Plaintiffs' Request to Admit# 7

# Class Motion Exhibit 1

Respectfully submitted,

/s/    John C. Ireland
One of the Attorneys for Plaintiffs

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin, IL 60177
(630) 464-9675
attorneyireland@gmail.com
ARDC # 6283137

Lisa L. Clay
Attorney at Law
2100 Manchester Road, Suite 1612
Wheaton, IL 60187
(630) 456-4818
lisa@clayatlaw.com
ARDC # 6277257

## IN THE UNITED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Jodi Mair, individually and on behalf of all persons similarly situated as class representative under Illinois Law and/or as members of the Collective as permitted under the Fair Labor Standards Act; | Case No. 19 CV 8107 |
| | Hon. Joan H. Lefkow |
| Plaintiff, | Jury Trial Demanded |
| vs. | |
| EarthMed, LLC., | |
| Defendant. | |

## DEFENDANT EARTHMED, LLC'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS TO ADMIT

The Defendant, EarthMed, LLC ("Defendant"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 36 hereby submits its amended responses and objections to Plaintiff's First Requests to Admit.

1. Plaintiff asked for her overtime wages at a time and a half rate of pay.

**RESPONSE:** Denies.

2. Plaintiff was fired the next day after asking for her overtime wages.

**RESPONSE:** Denies.

3. Defendant provided Plaintiff with no document memorializing the reasons for her end of employment.

**RESPONSE:** Defendant admits that Plaintiff was not provided with a written document memorializing the reasons for her termination from employment at EarthMed but denies that Defendant did not verbally inform Plaintiff of the reasons for her termination of employment.

1

4. Defendant did not pay Plaintiff her overtime work hours (over forty hours) at an overtime rate of pay.

**RESPONSE:** Defendant admits that, while Plaintiff was employed by Defendant, Defendant did not pay Plaintiff at an overtime rate of pay (time and a half of her regular rate of pay) for overtime hours worked but denies any remaining statements in Request to Admit No. 4.

5. Defendant did not pay Plaintiff her overtime hours at time and a half of her regular rate of pay.

**RESPONSE:** Defendant admits that, while Plaintiff was employed by Defendant, Defendant did not pay Plaintiff at an overtime rate of pay (time and a half of her regular rate of pay) for overtime hours worked but denies any remaining statements in Request to Admit No. 5.

6. Plaintiff was happy to receive her overtime hours at an [sic] straight rate of pay.

**RESPONSE:** Defendant objects to this Request to Admit as it requires Defendant to speculate as to the Plaintiff's state of mind.

7. Defendant paid all employees for all hours worked in a single week at their straight time of pay, both for hours less than forty and those over forty.

**RESPONSE:** Defendant admits that prior to January 1, 2020 it paid all hourly employees for all hours worked in a single week at their straight time of pay, both for hours less than forty and those over forty. Defendant denies that after January 1, 2020 it paid any hourly employees for all hours worked in a single week at their straight time of pay. Defendant further admits that in January 2020, it sent payment to its employees for overtime hours worked prior to January 2020.

8. Franco Demonte complained to his manager that he was paid overtime hours at straight rate of pay.